**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| VINCENT DALE WILSON, *et al.*, | ) | CASE NO. 5:21 CV 1409 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| ROBERT D. CASTRICONE, JR., *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Vincent Dale Wilson filed this action on behalf of himself and Cynthia Lynn Pangrazio against attorney Robert D. Castricone, Jr. and Judge Jason Jackson.  In the Complaint, Plaintiff alleges Judge Jackson barred him from using his Power of Attorney to represent Pangrazio in court.  He does not assert any legal claims and asks only that this Court reverse the decision of the state court and allow him to represent Pangrazio.  It appears the state court entered judgment against Pangrazio in September 2021.  *See Capital One Bank, N.A. v. Pangrazio*, Case No. CVF 2100050 (Tuscarawas Cty Ct. Sept. 8, 2021).

Wilson indicates Cynthia Pangrazio executed a power of attorney authorizing him to act on her behalf.  He indicates she is 74 years old and disabled.  He claims she is being sued by Capital One.  Capital One is represented by attorney Castricone.  Plaintiff indicates that he attempted to represent Pangrazio in court using the power of attorney, but Jackson issued an Order barring him from representing Pangrazio with a license to practice law in the State of

Ohio.  Pangrazio spoke to two attorneys who advised her to settle.  Wilson states that Pangrazio did not agree with this advice.  He indicates she is representing herself.  He asks that this Court overturn the state court order and allow him to use his power of attorney to act as her defense counsel.

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may dismiss an action *sua sponte* if the Complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction.  *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)(*citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).  This Complaint satisfies these criteria.

As an initial matter, Wilson cannot represent Pangrazio in this Court. Title 28 U.S.C. § 1654 provides that in all federal Courts, the parties may plead and conduct their own cases personally or through a licensed attorney.  The statute does not allow for an unlicensed layman to represent anyone in federal court other than himself.  *See Shepherd v. Wellman*, 313 F.3d 963, 970–71 (6th Cir. 2002); *Eagle Assoc. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991). The fact that Wilson has a power of attorney for Pangrazio does not change this result.  *See J.M. Huber Corp. v. Roberts*, No. 88–6160, 1989 WL 16866, at * 1 (6th Cir. Feb.17, 1989); *Brown v. Middlebrook*, No. 08–3312, 2009 WL 536553, at * 1 (D. Kan. Mar.3, 2009); *Doyle v. Schumann*, No. 1:07cv3684, 2008 WL 397588, at * 2 (N.D. Ohio Feb.11, 2008); *DePonceau v. Pataki*, 315 F.Supp.2d 338, 341–42 (W.D.N.Y. 2004).   An adult litigant who wishes to proceed *pro se* must personally sign the Complaint to invoke this Court's jurisdiction.  See 28 U.S.C. § 1654.  Only Wilson signed the Complaint.  Therefore, the only Plaintiff in this case is Wilson.

Wilson does not assert any legal cause of action and has not established a basis for federal court jurisdiction.  Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law.  *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008).  Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve.  *Id.* Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377(1994) (internal citation omitted).

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question.  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different states."  28 U.S.C. § 1332(a)(1).  To establish diversity of citizenship, the Plaintiff must establish that he is a citizen of one state and all of the Defendants are citizens of other states.  The citizenship of a natural person equates to his domicile.  *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir.1990).  The second type of federal jurisdiction  relies on the presence of a federal question.  This type of  jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983).

Diversity of citizenship does not exist in this case.  Wilson is a citizen of Ohio.  The Defendants are an Ohio attorney and an Ohio Judge.  A Plaintiff in federal court has the burden

-3-

of pleading sufficient facts to support the existence of the court's jurisdiction.  Fed.R.Civ.P. 8. In a diversity action, the Plaintiff must state the citizenship of all parties so that the existence of complete diversity can be confirmed.  *Washington v. Sulzer Orthopedics, Inc.,*  No. 03-3350, 2003 WL 22146143, at *1 (6th Cir. Sept. 16, 2003).   The Complaint, as written, suggests that the Wilson and Defendants are all citizens of Ohio. Federal subject matter jurisdiction cannot be based on diversity of citizenship.

If federal jurisdiction exists in this case, it must be based on a claimed violation of federal law.  In determining whether a claim arises under federal law, the Court looks only to the "well-pleaded allegations of the Complaint and ignores potential defenses" Defendant may raise. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007).

Here, Wilson is proceeding *pro se* and *pro se* plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings.  *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). Indeed, this standard of liberal construction "requires active interpretation ... to construe a *pro se* petition 'to encompass any allegation stating federal relief.'"  *Haines*, 404 U.S. at 520.  Even with that liberal construction, however, Plaintiff failed to properly identify a federal question in this case.   Subject matter jurisdiction cannot be based on a federal question.

It appears Plaintiff is trying to seek appellate review of a state court decision.  United States District Courts do not have jurisdiction to overturn state court decisions even if the request to reverse the state court judgment is based on an allegation that the state court's action was unconstitutional.  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari.  *Id.*  Under this principle, generally referred to as the

-4-

Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. *Berry v. Schmitt* 688 F.3d 290, 298-99 (6th Cir. 2012).

The Rooker-Feldman doctrine is based on two United States Supreme Court decisions interpreting 28 U.S.C. § 1257(a).[1] *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). This statute was enacted to prevent "end-runs around state court judgments" by requiring litigants seeking review of that judgment to file a writ of certiorari with the United States Supreme Court. The Rooker-Feldman doctrine is based on the negative inference that, if appellate court review of state judgments is vested in the United States Supreme Court, then such review may not occur in the lower federal courts. *Exxon Mobil Corp.*, 544 U.S. at 283-84; *Kovacic v. Cuyahoga County Dep't of Children and Family Services*, 606 F.3d 301, 308-311 (6th Cir. 2010); *Lawrence v. Welch*, 531 F.3d 364, 369 (6th Cir. 2008).

---

[1]  28 U.S.C. § 1257(a) provides:

> Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari where the validity of a treaty or statute of the United States is drawn in question or where the validity of a statute of any State is drawn in question on the ground of its being repugnant to the Constitution, treaties, or laws of the United States, or where any title, right, privilege, or immunity is specially set up or claimed under the Constitution or the treaties or statutes of, or any commission held or authority exercised under, the United States.

Rooker-Feldman is a doctrine with narrow application.  It does not bar federal jurisdiction "simply because a party attempts to litigate in federal court a matter previously litigated in state court." *Exxon Mobil Corp*., 544 U.S. at 293; *Berry*, 688 F.3d 298-99.  It also does not address potential conflicts between federal and state court orders, which fall within the parameters of the doctrines of comity, abstention, and preclusion. *Berry*, 688 F.3d 299.  Instead, the Rooker-Feldman doctrine applies only where a party losing his or her case in state court initiates an action in federal district court complaining of injury caused by a state court judgment itself, and seeks review and rejection of that judgment. *Berry*, 688 F.3d 298-99; *In re Cook*, 551 F.3d 542, 548 (6th Cir.2009).  To determine whether Rooker–Feldman bars a claim, the Court must look to the "source of the injury the Plaintiff alleges in the federal Complaint."  *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir.2006); *see Berry*, 688 F.3d at 299; *Kovacic*, 606 F.3d at 310.  If the source of the Plaintiff's injury is the state-court judgment itself, then the Rooker–Feldman doctrine bars the federal claim. *McCormick*, 451 F.3d at 393. "If there is some other source of injury, such as a third party's actions, then the Plaintiff asserts an independent claim." *Id*.; *see Lawrence*, 531 F.3d at 368–69.  In conducting this inquiry, the Court should also consider the Plaintiff's requested relief.  *Evans v. Cordray*, No. 09–3998, 2011 WL 2149547, at *1 (6th Cir. May 27, 2011).

Here, the Plaintiff does not assert any legal claims and seeks only to have the state court judgment overturned.  This Court lacks jurisdiction to conduct such a review or grant that relief.

-6-

Accordingly, this action is dismissed for lack of subject matter jurisdiction.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.


Date: 12/08/2021                               /s/ John R. Adams                              
                                               JOHN R. ADAMS
                                               UNITED STATES DISTRICT JUDGE

---

28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

-7-